IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT E. OGLE, RECEIVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-1210-D (BF) |
| | § | |
| DONALD BOYD SULLIVAN and | § | |
| MICHAEL J. SULLIVAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Robert E. Ogle, Receiver, has filed a motion to compel Defendants Donald Boyd Sullivan and Michael J. Sullivan ("Defendants") to answer post-judgment interrogatories and respond to post-judgment requests for production in this civil action brought under the Texas Uniform Fraudulent Transfer Act, TEX. BUS. & COMM. CODE § 24.006(a). On September 16, 2013, the District Court entered an Agreed Judgment against Defendants, jointly and severally, and ordered them to pay Plaintiff $400,000 in damages, plus interest. Agd. Judgment (Doc. 27), 9/16/13. When Defendants failed to pay the Judgment in accordance with the terms of the parties' agreed payment plan, Plaintiff served them with various post-judgment discovery requests to obtain information to aid in the enforcement of the Judgment. *See* Def. Mot., Ex. A, B, & C. Defendants failed to respond to Plaintiff's post-judgment discovery requests, and Plaintiff filed the instant motion to compel. Defendants failed to file a response to Plaintiff's motion and also ignored the Court's order to show cause as to why Plaintiff's motion should not be granted. The Court now considers Plaintiff's motion without the benefit of a response.

Federal Rule of Civil Procedure 69(a)(2) permits a judgment creditor to obtain discovery from any person, including the judgment debtor, to identify assets upon which execution may be made. FED. R. CIV. P. 69(a)(2). The scope of post-judgment discovery is "very broad." *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995); *T-M Vacuum Prods., Inc. v. Taisc, Inc.*, No. H-07-4108, 2008 WL 5082413, at *1 (S.D. Tex. Nov. 25, 2008) (quoting 13 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE – CIVIL § 69.04 (2008)) ("The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor."). Further, Rule 69(a) applies the normal procedure of conducting discovery to post-judgment discovery requests. FED. R. CIV. P. 69(a)(2); *Nat'l Satellite Sports v. Elizondo*, No. 3:00-CV-2297-L, 2003 WL 21507362, at *1 (N.D. Tex. Apr. 25, 2003). Objections to post-judgment discovery requests are thus waived if not timely raised, and the discovering party may move to compel discovery responses if the party against whom discovery is sought fails to answer. *Nat'l Satellite Sports*, 2003 WL 21507362, at *1.

Defendants have wholly failed to respond or object to Plaintiff's post-judgment discovery requests. Nor have they responded to Plaintiff's motion to compel or this Court's order to show cause why Plaintiff's motion should not be granted. Under these circumstances, any objections Defendants may have had to Plaintiff's post-judgment discovery requests are deemed waived. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Plaintiff's motion to compel is granted. Defendants must provide complete answers to all of Plaintiff's post-judgment interrogatories and produce all documents responsive to Plaintiff's

post-judgment requests for production. If Defendants do not comply with this Order, the Court will consider, on Plaintiff's motion, such sanctions as may be appropriate pursuant to FED. R. CIV. P. 37(b)(2)(A).

## CONCLUSION

Plaintiff's Motion to Compel Post-Judgment Discovery (Doc. 28) is GRANTED. Accordingly, it is ORDERED that, no later than **October 21, 2014**:

(1) Defendant Donald Boyd Sullivan shall deliver to Plaintiff's counsel full and complete sworn written answers to interrogatories, and full and complete written responses to requests for production, with respect to the interrogatories and requests propounded in Plaintiff's First Set of Post-Judgment Interrogatories and Requests for Production to Defendant Donald Boyd Sullivan;

(2) Defendant Michael J. Sullivan is ordered to deliver to Plaintiff's counsel full and complete sworn written answers to interrogatories, and full and complete written responses to requests for production, with respect to the interrogatories and requests propounded in Plaintiff's First Set of Post-Judgment Interrogatories and Requests for Production to Defendant Michael J. Sullivan;

(3) Defendants Donald Boyd Sullivan and Michael J. Sullivan shall deliver to Plaintiff's counsel true and correct copies of all documents requested in such discovery requests that are within their possession or control.

SO ORDERED, October 8, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3